**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

PAUL MCKINNEY,

    Plaintiff,

v.                                                           CASE NO. 3:07-cv-830-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____

**O R D E R**

This case is before the Court on Plaintiff's Petition for Attorney Fees (Doc. #20, Petition). Plaintiff's Petition requests an award of $808.50 in attorney fees sought by Plaintiff's counsel (Doc. #20 at 1). Plaintiff avers that pursuant to Local Rule 3.01(g) Defendant's counsel was contacted and has no objection to the amount sought by Plaintiff's counsel as set forth in the Petition (Doc. #20 at 3). No opposition has otherwise been filed.

Based upon the petition and information contained within the record, the Court makes the following legal and factual findings:

1.     Attorney fees are authorized in this action because Plaintiff, having obtained a sentence four remand/reversal denial of benefits, is a "prevailing party," *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993), the Commissioner failed to apply the proper legal standards in evaluating the case, thus his position here was not substantially justified. Moreover, Plaintiff filed a timely application for attorney fees and had a net worth of less than $2,000,000.00 at the time the complaint was filed, and there are no special circumstances which would make the award unjust. *See* 28 U.S.C. § 2412(D);

*Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990).

   2.   The amount of attorney fees to be awarded "shall be based upon prevailing market rates for the kind and quality of the services furnished," except that attorney fees shall not exceed $125.00 per hour unless the Court determines that an increase in the cost of living or a "special factor" justifies a higher fee award. 28 U.S.C. § 2412(D)(2)(A). The awarded fee may not exceed twenty-five percent of the claimant's past due benefits. 42 U.S.C. § 406(b)(1)(A). There is no contention here that the claimed fee would exceed that amount.

   It has been recognized that the EAJA allows for an adjustment due to changes in the cost of living, though such an increase is not absolutely required. *Barber v. Sullivan*, 751 F. Supp. 1542, 1544 (S.D. Ga. 1990) (citing *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988). *Baker* is also cited for the proposition that attorney fee increases do not necessarily have to follow the Cost of Living Index for a specific geographical area and that the decision as to whether attorney fees shall exceed the statutory cap rests entirely within the Court's discretion. *Id.* Plaintiff's counsel requests an enhancement of the statutory fee rate of $125.00 per hour based upon the cost of living increases since Congress set the amount in March 1996 as part of the Contract with America Advancement Act of 1996, Pub. L. No. 104-121, §§ 231-33 as codified in 28 U.S.C. § 2412(D)(2)(A).

   Plaintiff's counsel argues that the statutory cap of $125.00 should be raised to $165.00 per hour for services provided in 2007 and 2008 (Doc. #20 at 2). The Court has determined that a hourly rate of $165.00 per hour is reasonable when factoring in the Consumer Price Index as a guide for an attorney in Jacksonville, Florida, to be

compensated under the EAJA.[1]

3. The Court thus finds $808.50 ($165.00 x 4.90 hours) is a reasonable fee in this case.

4. Plaintiff's counsel maintains that Defendant has no objection to the Court ordering this fee to be made payable directly to Plaintiff's counsel (Doc. #20 at 3).

Accordingly, it is hereby **ORDERED**:

1. Plaintiff's Petition for Attorney Fees (Doc. #20) is **GRANTED**.

2. The Clerk shall enter judgment in favor of Plaintiff and against Defendant in the amount of $808.50 for attorney fees.

3. The request that the Court direct the payment of the fees be made to Michael Steinberg, Esquire is **GRANTED**.[2]

**DONE AND ORDERED** at Jacksonville, Florida this 29th day of July, 2008.

Copies to all counsel of record
and *pro se* parties, if any

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge

---

[1] The Court arrived at its conclusions by visiting the following website: http://woodrow.mpls.frb.fed.us/research/data/us/calc/ (last visited July 28, 2008).

[2] Plaintiff assigned his EAJA fee award to his counsel (Doc. #20-3 at 1).